Charles Frank LEASURE, Appellant,

v.

UNITED STATES, Appellee.

No. 4969.

District of Columbia Court of Appeals.

Argued Sept. 22, 1969.

Decided Nov. 7, 1969.

Robert J. Kurrle, Washington, D. C., for appellant.

Harvey Price, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., Roger E. Zuckerman and John E. Stein, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

PER CURIAM:

On this appeal from a conviction of petit larceny,[1] two claims of error are asserted.

First, it is claimed that the trial court erred in failing to instruct that specific intent is an essential element of the crime of petit larceny. This claim could be disposed of on the ground that it was not raised at trial, but we have examined the charge to the jury with care and are satisfied that, taken as a whole, the charge adequately instructed the jury on the intent necessary to be proved.

The second claim of error relates to that part of the charge which told the jury:

Credibility is the main issue, ladies and gentlemen, of 95 percent of these criminal cases. If you ascertain who is telling the truth, and who is falsifying, you won't have any trouble in deciding who has failed.

 Appellant contends that those remarks in some way lessened the Government's burden of proof and placed a part of the burden on appellant. Perhaps the statement of the court was inaptly phrased, particularly with reference to the percentage of criminal cases in which credibility is the main issue. We have no way of testing the accuracy of the judge's figure, although we do know that in many cases credibility of witnesses is the main, if not the sole, issue. We suggest that a trial judge refrain from commenting on the statistical importance of any factor which a jury must consider.

However, we see no error which affected the substantial rights of appellant. Appellant had testified in direct contradiction to the Government's witnesses. Obviously someone had testified falsely, and it was the jury's function to decide which version it would accept. Telling the jury that it must decide who was telling the truth did not have the effect of shifting the burden of proof, because thereafter the court fully instructed the jury on the presumption of innocence and the Government's burden of proving guilt beyond a reasonable doubt.

Affirmed.